UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. MCLARNEY,
JULIANNE H. MCLARNEY,
THOMAS K. BUSSEY, ANNETTE
BUSSEY, TERRY OWCZARSKI,
JANICE OWCZARSKI, and
SARAH JACKSON,

       Plaintiffs,   No. 04-CV-72656-DT

vs.              Hon. Gerald E. Rosen

BOARD OF COUNTY ROAD
COMMISSIONERS FOR THE COUNTY
OF MACOMB, FRAN GILLETT,
THOMAS L. RAYMUS, and
ROBERT M. SAWICKI,

       Defendants.
_____/

ORDER AWARDING COSTS AND FEES

  At a session of said Court, held in
  the U.S. Courthouse, Detroit, Michigan
  on   September 29, 2006

  PRESENT: Honorable Gerald E. Rosen
         United States District Judge

On November 8, 2005, the Court entered an Opinion and Order and Judgment granting the Defendants' Motion for Summary Judgment and dismissing Plaintiffs' § 1983/inverse condemnation action with prejudice. This matter is presently before the

Court on Defendants' Fed. R. Civ. P. 54 Motion for an Award of Fees and Costs.[1] Plaintiffs have responded to Defendants' Motion. However, that response is non-specific, i.e., Plaintiffs merely argue that this case was not meritless and that the Court reached its decision by means of "an interpretation of M.C.L. § 221.22 . . . that is not facially supported by the text of the statute." Therefore, they argue that no fees or costs should be awarded to Defendants.

>42 U.S.C. § 1988, provides in relevant part:
>
>In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 and, therefore, the cost and fee provisions of § 1988 apply.

Although the Sixth Circuit recognizes that an award of § 1988 attorneys' fees is within the sound discretion of the district court, "the court's discretion is narrow." *See Smith v. Heath*, 691 F.2d 220, 228 (6th Cir. 1982). The prevailing party should "ordinarily recover attorneys' fees unless special circumstances would render such an award unjust." *Id.* (citations omitted).

However, whether the plaintiff is a prevailing party is merely the first step in the determination of an award of attorneys' fees. After the district court determines that a plaintiff is a prevailing party, and thus, entitled to a fee award under § 1988, it must then

---

[1] Costs were previously taxed by the Clerk in the amount of $1,253.90, however, Plaintiffs have objected to these costs. Accordingly, this Order resolves not only Defendants' Motion for Fees and Non-Taxable Costs but the Taxed Costs, as well.

determine what is a "reasonable" attorney's fee.   *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Cramblit v. Fikse*, 33 F.3d 633, 635 (6th Cir. 1994).

In *Hensley* the Supreme Court delineated the standards for calculating a reasonable § 1988 fee award:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court should also exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . .
>
> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?
>
> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants -- often an institution and its officers, as in this case -- counsel's work on one claim will be unrelated to his work on another. Accordingly,

work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." . . . The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. . . . Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times an hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again the most critical factor is the degree of success obtained. . . .

. . . There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

461 U.S. at 433-37(citations omitted).  The Court will apply the foregoing standards in determining the amount of Defendants' award of attorneys' fees and costs in this case.

Defendants here request an award of $16,201.25 for attorneys' fees, which represents 231hours of attorney and paralegal time, and have provided verified itemized statements in support of their request.  Attorney Aloia's time (150.10 hours) was billed at $90 per hour which is far less than his normal $175 per hour billing rate.  Mr. Aloia's paralegal's and law clerk's time (80.85 hours) was billed at $35.  Defendants also seek an award of the $1,253.90 in costs as taxed by the Clerk plus non-taxable costs in the amount of $913.03, for a total award of costs in the amount of $2,166.93.

Having reviewed and considered Defendants' application, the Court finds that the amount of fees and costs sought by Defendants is reasonable.  As indicated, Mr. Aloia reduced his standard fee in this matter by nearly 50% and the 150 hours of time spent on the protracted litigation in this case which lasted approximately 17 months is not unreasonable.  Similarly, his paralegal's and law clerk's 80 hours at $35 an hour is entirely reasonable.  As this case involved property line disputes, considerable title research was required. Furthermore, Defendants obtained an excellent result in this case, having prevailed on all of Plaintiffs' claims.

The taxable and non-taxable fees requested by Defendants also are not unreasonable.  All of the costs taxed by the Clerk are provided for in 28 U.S.C. § 1920.  Expenses other than "costs" provided for under 28 U.S.C. § 1920 may be awarded as part of a fee award under 42 U.S.C. § 1988.  *See Brown v. Gray*, 227 F.3d 1278, 1298 (10th

Cir. 2000) (noting the distinction between § 1920 "costs" and § 1988 "fees" and stating that "reasonable out-of-pocket expenses not normally absorbed as part of law firm overhead should be reimbursed as attorney's fees under section 1988); *Henry v. Webermeir*, 737 F.2d 188, 192 (7th Cir. 1984) (explaining that § 1988 fees include "out-of-pocket expenses for which lawyers normally bill their clients separately, as well as fees for lawyer effort); *Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997).

  The Court is aware that the seven Plaintiffs prosecuted this action *pro se*. However, this fact, by itself, does not present the type of special circumstances that would render an award of attorneys' fees unreasonable. This is particularly true where there is no showing that Plaintiffs are not indigent. They all own fairly valuable parcels of real estate in Macomb County. More importantly, they were repeatedly counseled, both by defense counsel and the Court, that they should obtain legal representation, yet insisted on continuing their self representation. That no doubt contributed to the amount of attorney's time that Defendants' counsel was required to devote to this case, as reflected in the affidavit of Benjamin Aliota. Under these circumstances, the Court does not view their *pro se* status as warranting excusing them from paying reasonable costs and attorneys fees to the prevailing party.

  For all of the foregoing reasons,

  IT IS HEREBY ORDERED that Defendants' Motion for Costs and Fees is GRANTED.

  IT IS FURTHER ORDERED that Plaintiffs be awarded $16,201.25 for attorneys'

fees and $2,166.93 for costs and expenses, for a total award of fees and costs in the amount of $18,368.18.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager
