UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. McLARNEY, et al.,

                Plaintiffs,                No. 04-CV-72656-DT

vs.                                              Hon. Gerald E. Rosen

BOARD OF COUNTY ROAD
COMMISSIONERS FOR THE
COUNTY OF MACOMB, et al.,

                Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION FOR
RELIEF FROM ORDER AWARDING COSTS AND FEES

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     January 17, 2007

        PRESENT:  Honorable Gerald E. Rosen
                              United States District Judge

On September 29, 2006, this Court entered an Amended Order awarding Defendants $18,368.18 for costs and fees incurred in defending this action. Plaintiffs now move for relief from that Order. Plaintiffs do not indicate in their motion the legal basis for their motion. The Court notes, however that reconsideration pursuant to Fed. R. Civ. P. 59(e) and Eastern District of Michigan Local Rule 7.1(h) is not available to Plaintiffs as they filed their motion more than 10 days after entry of the Order awarding costs and fees, and Fed. R. Civ. P. 6(b) precludes extending this 10-day time limit.

1

Therefore, the Court will treat Plaintiffs' motion as having been brought under Fed. R. Civ. P. 60(b).

However, relief from a court's order or judgment is extremely limited under Fed. R. Civ. P. 60(b). The Rule provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it s no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiffs in this case have not established any of the grounds specifically enumerated in Rule 60. The only conceivable applicable ground is Rule 60(b)(6), "any other reason justifying relief from the operation of the judgment."

Both the U.S. Supreme Court and the Sixth Circuit have repeatedly held that relief under Rule 60(b) -- particularly under subsection (6) which, as indicated above is the only possible subsection that Plaintiff in this case may rely upon -- is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 523-24 (6th Cir. 2001); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v.*

*UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).

Exceptional circumstances under Rule 60(b)(6) means "unusual and extreme situations where principles of equity <u>mandate</u> relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). "A claim of simple error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b)(6)." *Pierce v. UMW Welfare & Retirement Fund, supra*, 770 F.2d at 451.

No "extraordinary or exceptional circumstances" are present in this case. Rather, in their Motion, Plaintiffs merely question the legal merit of the Court's dismissal of their claims against the Defendants, take issue with the wording of the September 29 Order awarding costs and fees, and argue that they are *pro se* litigants and will suffer hardship if they are forced to pay the fees and costs assessed against them. These are all issues that the Court has already considered in ruling on the summary judgment and fee motions and they do not present "exceptional circumstances" warranting Rule 60(b)(6) relief.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from Order Awarding Costs and Fees is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Entry of a Separate Judgment on the Order Awarding Costs and Fees is DENIED.


                                        s/Gerald E. Rosen
                                        Gerald E. Rosen
                                        United States District Judge

Dated: January 17, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2007, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager